23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela Teresa SOLOMON, Defendant-Appellant.
 No. 93-5399.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1994.
Decided: May 10, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-93-39)
 Gale M. Adams, Asst. Federal Public Defender, Fayetteville, NC, for appellant.
 James R. Dedrick, U.S. Atty., David J. Cortes, Asst. U.S. Atty., Steve R. Matheny, Sp. Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 DISMISSED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pamela Teresa Solomon appeals the twelve-month sentence she received when the district court revoked her original sentence of three years probation. Because her sentence has expired, we dismiss the appeal as moot.
 
 
 2
 Solomon originally pled guilty to misdemeanor possession of cocaine and received a sentence of three years probation. Her guideline range was 0-6 months. She later violated the conditions of her probation by using cocaine.
 
 
 3
 The district court revoked Solomon's probation and imposed a prison term of twelve months, finding that under 18 U.S.C.A. Sec. 3565(a) (West 1985 & Supp.1994) it was required to impose a sentence of not less than one-third the probationary sentence previously imposed. The statute provides in pertinent part:
 
 
 4
 Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.
 
 
 5
 Solomon did not object to the sentence in the district court. However, on appeal, she contended that the court plainly erred in finding that the term "original sentence" referred to the probationary sentence rather than the applicable guideline range. We placed the case in abeyance for the Supreme Court's resolution of the issue in United States v. Granderson, 62 U.S.L.W. 4190 (U.S.1994). In Granderson, the Supreme Court held that "original sentence" means the applicable guideline sentence of imprisonment, not the revoked term of probation. 62 U.S.L.W. at 4194.
 
 
 6
 However, because Solomon has been released from custody, her appeal is now moot. Lane v. Williams, 455 U.S. 624, 633 (1982). The issue she raised concerned only the length of her sentence of imprisonment. We are not in a position to grant the relief sought, and no collateral consequences exist.
 
 
 7
 We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.